UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,	Case No. 3:18-cv-1908

          Plaintiff,

    v.	MEMORANDUM OPINION
AND ORDER

Gregory J. Gerber, M.D., et al.,

          Defendants.

## I. Introduction and Background

The government brought this lawsuit against Defendants Gregory J. Gerber, M.D., and Gregory J. Gerber, MD LLC, alleging violations of the Controlled Substances Act, 21 U.S.C. §§ 829 and 842, the False Claims Act, 31 U.S.C. § 3729(a)(1)(A), and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). (Doc. No. 1). On August 31, 2018, I granted the government's motion for a preliminary injunction and entered an order prohibiting Dr. Gerber "from prescribing any and all controlled substances listed under the [Controlled Substances Act] in schedule II (21 C.F.R. § 1308.12), III (21 C.F.R. § 1308.13), or IV (21 C.F.R. § 1308.14)" and from altering or destroying any records related to the prescription of schedule II, III, and IV controlled substances. (Doc. No. 12 at 2).

The parties exchanged some discovery while Defendants also sought to determine whether the government intended to pursue criminal charges against Defendants. Subsequently, on August 23, 2019, Defendants sought a stay of this case pending the disposition of criminal proceedings,

asserting that requiring Defendants to engage in further discovery would force Dr. Gerber to choose between asserting his Fifth Amendment right not to provide testimony against himself and the adverse inference that may be drawn in this civil case if he asserted that right during a deposition. (Doc. No. 42). I granted the stay, (Doc. No. 43), and ordered the parties to submit periodic joint status reports on the progress of any criminal proceedings that might be initiated. To date, the parties report, Dr. Gerber has not been charged and there is no indication as to if or when any criminal charges might be brought.

Against this background, Defendants have filed a motion to modify the terms of the preliminary injunction. (Doc. No. 51). They argue the preliminary injunction improperly prohibits Dr. Gerber from practicing medicine in any capacity and that this has created undue hardship. The government opposes Defendants' motion, (Doc. No. 53), and Defendants have filed a brief in reply. (Doc. No. 54). The government subsequently submitted a motion for leave to file a sur-reply brief. (Doc. No. 55). For the reasons stated below, I grant the government's motion for leave and deny Defendants' motion to modify the preliminary injunction.

## II.   ANALYSIS

### A.   MOTION FOR LEAVE

Neither the Federal Rules of Civil Procedure nor the Local Civil Rules expressly address whether and under what circumstances a sur-reply brief may be appropriate. Courts often consider whether the party seeking to file the sur-reply brief has provided good cause for that brief, such as the need to address an issue that was raised for the first time in a reply brief. *See, e.g., Key v. Shelby Cnty.*, 551 F. App'x 262, 264-65 (6th Cir. 2014); *Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 580-81 (S.D. Ohio 2010).

The government seeks to file a sur-reply brief addressing Defendants' argument in their reply brief that the preliminary injunction improperly invades the authority of the States to regulate

the practice of medicine, Defendants' proposed modifications to the preliminary injunction, and their characterization of the government's conduct during discovery before the case was stayed. (Doc. No. 55-1 at 1).

I conclude the government has established good cause for their proposed sur-reply brief, as Defendants raised their federalism argument and their proposed modifications for the first time in their reply brief. Therefore, I grant the government's motion and order the Clerk to file the sur-reply brief on the docket.

### B. MOTION TO MODIFY

Courts have the equitable authority to modify injunctions "to relieve inequities that arise after the original order." *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012) (quoting *Credit Suisse First Boston Corp. v. Grunwald,* 400 F.3d 1119, 1124 (9th Cir. 2005)); *see also United States v. Swift & Co.*, 286 U.S. 106, 114 (1932) ("A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need."). A "court must never ignore significant changes in the law or circumstances underlying an injunction lest the decree be turned into an 'instrument of wrong.'" *Salazar v. Buono*, 559 U.S. 700, 714–15 (2010) (citations omitted). A movant seeking modification of an injunction based upon significant factual changes must demonstrate the evidence underlying the motion did not exist or was not reasonably discoverable through the exercise of due diligence at the time the injunction was entered. *Gooch*, 672 F.3d at 414-15.

Dr. Gerber contends there is "no valid legal or factual reason for the terms of the Preliminary Injunction issued by this Court on August 30, 2018[,] to continue," and that the injunction should be modified to remove the restriction on his ability to prescribe controlled substances listed in schedule II, III, and IV "so that he can obtain employment as a medical doctor practicing in the specialty of Physical Medicine and Rehabilitation." (Doc. No. 51 at 2). He asserts

3

(1) there is no need to restrict his DEA Certificate because he has no intention of specializing in pain management; (2) the COVID-19 pandemic has created a pressing need for more doctors to assist patients, and (3) his wife, who continues to undergo chemotherapy treatments for thyroid cancer and colon cancer, has been "placed under an enormous physical and mental strain" as the family's sole source of income during the pandemic.  (*Id.* at 2-3, 10-12).

Dr. Gerber also argues the preliminary injunction (a) violates principles of federalism by attempting to regulate the practice of medicine, and (b) violates his due-process rights by restricting his ability to practice medicine without a hearing before a state medical board.  (Doc. No. 54 at 4-8).

Dr. Gerber proposes modifying the preliminary injunction to (i) require "an independent sponsoring medical doctor" to monitor Dr. Gerber's prescribing practices, (ii) mandate that Dr. Gerber report a record of his prescriptions to the court, or (iii) permit the government to monitor his prescription records through the Ohio Board of Pharmacy and to report to the court on a regular basis.  (Doc. No. 54 at 10).

Dr. Gerber's arguments are unpersuasive.

As an initial matter, Dr. Gerber's professed disinterest in specializing in pain management does not nullify the evidence the government presented in support of its motion for a preliminary injunction or the restrictions stated in the injunction.  Schedule II, III, and IV substances may be prescribed to patients in a wide variety of medical specialties.  The fact that such prescriptions are not the main focus of a medical practice does not mean that a practitioner could not misuse the prescribing power.

Next, Dr. Gerber fails to identify changes in law or fact occurring since the entry of the preliminary injunction which would render its continuation inequitable.  *Gooch*, 672 F.3d at 415 (citation omitted).  New evidence must be "based on new circumstances that have arisen after the district court granted the injunction."  *Id.* (quoting *Credit Suisse*, 400 F.3d at 1124).

4

Mrs. Gerber's health conditions and the Gerbers' daughter's disability existed prior to the issuance of the injunction and therefore do not constitute changes in fact. *Gooch*, 672 F.3d at 415. Further, while the COVID-19 pandemic has increased the strain on the medical field generally and presumably on Mrs. Gerber specifically, Dr. Gerber fails to show he is unable to find employment in a non-medical position, such that the injunction has removed his only prospect for generating income. Nor does the increased societal need for medical providers due to the pandemic "convert [the] previously proper injunction into an instrument of wrong." *Id.* (quoting *Salazar*, 559 U.S. at 714-15) (internal quotation marks and further citation omitted). An unforeseeable pandemic does not constitute a chance in the circumstances underlying the specific injunction entered in this case.

Dr. Gerber's federalism and due-process arguments fare no better. The Due Process Clause of the Fifth Amendment generally requires that an individual "must receive notice and an opportunity to be heard before the Government deprives them of property." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993). Assuming, without deciding, that Dr. Gerber has a property interest in his employment which has been adversely affected by the restrictions on his ability to prescribe medications covered by the Controlled Substances Act, he received notice of the preliminary injunction hearing and an opportunity to be heard at that hearing.

Further, the preliminary injunction order applied only to authorization Dr. Gerber received – and could only receive – from the federal government; it placed no restrictions on any portion of Dr. Gerber's medical practice which may appropriately be governed by the states in which he is licensed to practice medicine. His attempts to impute to the government or to this court the consequences of hiring decisions made by third parties unrelated to this litigation do not persuasively implicate principles of federalism.

While I am sympathetic to Dr. Gerber's concerns for his family's wellbeing, the foreseeable hardship caused by the injunction's limitations on his prescribing authority does not constitute a new

5

circumstance which might support modification of the preliminary injunction. He is not entitled to the imposition of the alternate conditions he proposes simply because those conditions might have been applied in the first instance. I deny his motion to modify the preliminary injunction.

### C. THE STAY OF LITIGATION

The parties also disagree as to the effect of Dr. Gerber's motion on the stay I previously entered in this case. As the government notes, a stay of civil proceedings before the return of a criminal indictment is atypical. *See, e.g., F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 628 (6th Cir. 2014). Nearly 11 months have passed since I granted Defendants' unopposed motion for a stay, with no apparent movement on a potential criminal case. (*See* Doc. No. 43). In requesting a stay, Dr. Gerber professed concern about having to choose between asserting his Fifth Amendment privilege against providing testimony against himself and being subject to an adverse evidentiary interest in this case. (Doc. No. 42). For its part, the government has acknowledged it has withheld at least some potentially-discoverable material as privileged. (Doc. No. 37 at 2). Defendants claim the true reason is that the material is part of the criminal investigation file. (Doc. No. 42 at 4).

District courts abuse their discretion when they grant a stay which results in "undue delay." *Ohio Envtl. Council v. United States Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Though I entered the stay based upon good-faith representations that a criminal indictment almost certainly was imminent, no indictment has been forthcoming. Moreover, the parties' recent motion practice indicates the stay may no longer be serving the interest of judicial economy. *See E.M.A. Nationwide*, 767 F.3d at 628.

Therefore, I extend the stay until September 15, 2020, and order the parties to file briefing, no later than August 31, 2020, showing cause why the stay should not be terminated.

Notwithstanding the continuation of the stay of litigation, I also order the parties, during that time period, to meet and confer concerning any outstanding and unresolved discovery disputes.

If, after making sincere and good-faith efforts consistent with Local Rule 37.1, the parties are unable to resolve any such disputes, the parties each shall submit a written statement of the dispute and their respective positions via email to my chambers. The parties may not refer any potential discovery disputes to the court prior to September 4, 2020.

### III.  CONCLUSION

For the reasons stated above, I grant the government's motion for leave to file a sur-reply brief. (Doc. No. 55). I deny Defendants' motion to modify the preliminary injunction. (Doc. No. 51). This case shall remain stayed until September 15, 2020. The parties shall file their briefs showing cause why the stay should not be terminated on or before August 31, 2020.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge